# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC.; CENGAGE LEARNING, INC.; and JOHN WILEY & SONS, INC., <br><br>     Plaintiffs, <br><br>  v. <br><br> AEGIS TRADING CORP.; ALLEGIS CORP.; AMACO CORP.; APPLEBEE'S CORP.; BIRDWELL CORP.; BOWLMOR CORP.; BOYD BRANDS INC.; COLECO CORP.; DOOR OF BOOKS INC.; DYNERGY MEDIA INC.; KROGER CORP.; MITTEL INC.; NORTEL CORP.; ZETTAWORLD CORP.; SURAJ PRASAD; SANDEEP KUMAR; PARVEEN KUMAR JAIN; SANJAY KUMAR; DAMAN KAMRA; ASHOK SINGH; PUNEET ARORA; WASIM AKRAM; SHIVAM SINGH; NEERAJ KOHLI; SAGAR BOOK ENTERPRISES; and DOES 1-25, <br><br>     Defendants. | Civil Action No. 1:16-cv-743 <br><br> **COMPLAINT FOR:** <br><br> **1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, _et seq._)** <br> **2. TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)** <br> **3. TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)** <br><br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Cengage Learning, Inc., Pearson Education, Inc., and John Wiley & Sons, Inc. (collectively, "Plaintiffs"), for their Complaint against defendants Aegis Trading Corp., Allegis Corp., Amaco Corp., Applebee's Corp., Birdwell Corp., Bowlmor Corp., Boyd Brands Inc., Coleco Corp., Door Of Books Inc., Dynergy Media Inc., Kroger Corp., Mittel Inc., Nortel Corp., Zettaworld Corp., Neeraj Kohli, Sagar Book Enterprises, Suraj Prasad, Sandeep Kumar, Parveen Kumar Jain, Sanjay Kumar, Daman Kamra, Ashok Singh, Puneet Arora, Shivam Singh, Wasim Akram, and Does 1-25, allege, on personal knowledge as to matters relating to themselves and on information and belief as to all other matters, as follows:

## INTRODUCTION

1.      Plaintiffs are three of the world's leading educational publishers.  They provide a comprehensive range of traditional and digital educational content and tools to professionals and students of all ages.

2.      Defendants are online sellers of counterfeit textbooks.  Hiding behind the anonymity of Internet pseudonyms, Defendants sell counterfeit copies of Plaintiffs' works to consumers in the United States and elsewhere as Amazon.com ("Amazon") marketplace sellers. The textbooks Defendants sell are not the legitimate and authorized versions published by Plaintiffs, but rather are counterfeit versions that infringe on Plaintiffs' copyright and trademark rights.

3.      Defendants advertise, promote and sell the books as though they are legitimate and authorized textbooks created and published by Plaintiffs.  Defendants identify the textbooks using the legitimate textbooks' names and authors, images of the covers of the textbooks that include Plaintiffs' marks, and the ISBN reference numbers that identify the textbook. Defendants often sell their counterfeit versions at a price below the market price for the legitimate books.  In so doing, Defendants undercut sales of authorized and legitimate textbooks.

4.      Plaintiffs bring this Complaint for damages and injunctive relief to bring to an end and to seek redress for Defendants' infringement of Plaintiffs' intellectual property rights.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 1338(a) and 15 U.S.C. § 1121(a), based on federal question jurisdiction.

6.      This is an action arising under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1114, *et seq.*

7.     Personal jurisdiction in this district is proper, pursuant to N.Y. C.P.L.R. §§ 301 and 302 because Defendants (a) have committed acts of copyright and trademark infringement within this State and in this District, and (b) have committed acts of copyright and trademark infringement outside the State, which caused injury to Plaintiffs within the State, and Defendants expected or should reasonably have expected such acts to have consequences in this State and derive substantial revenue from interstate or international commerce.

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b).

**PARTIES**

9.     Plaintiff Cengage Learning, Inc., formerly Thomson Learning Inc. ("Cengage"), is a Delaware corporation with its principal place of business at 20 Channel Center Street, Boston, Massachusetts 02210.

10.    Plaintiff Pearson Education, Inc. ("Pearson"), is a Delaware corporation with its principal place of business at 330 Hudson Street, New York, New York 10013.

11.    Plaintiff John Wiley & Sons, Inc. ("Wiley"), is a New York corporation with its principal place of business at 111 River Street, Hoboken, New Jersey.

12.    Defendant Aegis Trading Corp. ("Aegis") is a Delaware corporation, the principal place of business of which is unknown or does not exist.  Aegis's mailing address is 717 N. Union Street, #79, Wilmington, DE 19850.  Aegis's registered agent is Delaware Business Incorporators, Inc., 3422 Old Capitol Trail, Suite 700, Wilmington, DE 19808.

13.    Defendant Allegis Corp. ("Allegis") is a Delaware corporation, the principal place of business of which is unknown or does not exist.  Allegis's registered agent is Delaware Intercorp, Inc., 113 Barksdale Professional Center, Newark, DE 19711.

14.    Defendant Amaco Corp. ("Amaco") is a Delaware corporation, the principal place

of business of which is unknown or does not exist.  Amaco's registered agent is Harvard

Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958.

15.     Defendant Applebee's Corp. ("Applebee") is a Delaware corporation, the

principal place of business of which is unknown or does not exist.  Applebee's registered agent is

Inc. Plan (USA), 20C Trolley Square, Wilmington, DE 19806.

16.     Defendant Birdwell Corp. ("Birdwell") is a Delaware corporation, the principal

place of business of which is unknown or does not exist.  Birdwell Corp.'s registered agent is

Corp1, Inc., 28 Old Rudnick Lane, Dover, DE 19901.

17.     Defendant Bowlmor Corp. ("Bowlmor") is a Delaware corporation, the principal

place of business of which is unknown or does not exist.  Bowlmor's registered agent is

American Incorporators Ltd., 1013 Centre Road, Suite 403-A, Wilmington, DE 19805.

18.     Defendant Boyd Brands Inc. ("Boyd") is a Delaware corporation, the principal

place of business of which is unknown or does not exist.  Boyd is associated with a Regus virtual

office located at 1000 N. West St., Suite 1200 #1182, Wilmington, DE 19801.  Boyd's registered

agent is Delaware Business Incorporators, Inc., 3422 Old Capitol Trail, Suite 700, Wilmington,

DE 19808.

19.     Defendant Coleco Corp. ("Coleco") is a Delaware corporation, the principal place

of business of which is unknown or does not exist.  Coleco's registered agent is Valis Group Inc.,

501 Silverside Rd., Suite 105, Wilmington, DE 19809.

20.     Defendant Door of Books Inc. ("Door of Books") is a Delaware corporation, the

principal place of business of which is unknown or does not exist.  Door of Books is associated

with a Regus virtual office located at 1000 N. West St., Suite 1200 #1182, Wilmington, DE

19801.  Door of Books' registered agent is Harvard Business Services, Inc., 16192 Coastal

Highway, Lewes, DE 19958.

21.     Defendant Dynergy Media Inc. ("Dynergy") is a Delaware corporation, the principal place of business of which is unknown or does not exist.  Dynergy is associated with Stat Office Solutions virtual office space located at 1201 N. Orange St., Suite 700 #7317, Wilmington, DE 19801.  Dynergy's registered agent is Delaware Business Incorporators, Inc., 3422 Old Capitol Trail, Suite 700, Wilmington, DE 19808.

22.     Defendant Kroger Corp. ("Kroger") is a Delaware corporation, the principal place of business of which is unknown or does not exist.  Kroger is associated with a Delaware Mailboxes LLC postal box located at 40 E. Main Street, No. 1439, Newark, DE 19711.  Kroger's registered agent is A Registered Agent, Inc., 8 The Green, Suite A, Dover, DE 19901.

23.     Defendant Mittel Inc. ("Mittel") is an entity associated with a Parcel Plus postal box located at 19266 Coastal Highway, Unit 4 #32, Rehoboth Beach, DE 19971.

24.     Defendant Nortel Corp. ("Nortel") is a Delaware corporation, the principal place of business of which is unknown or does not exist.  Nortel is associated with an Inc. Plan (USA) mailing address located at Trolley Square, Suite 19C, Wilmington, DE 19806.  Nortel's registered agent is Delaware Business Incorporators, Inc., 3422 Old Capitol Trail, Suite 700, Wilmington, DE 19808.

25.     Defendant Zettaworld Corp. ("Zettaworld") is a Delaware corporation, the principal place of business of which is unknown or does not exist.  Zettaworld's registered agent is Delaware Business Incorporators, Inc., 3422 Old Capitol Trail, Suite 700, Wilmington, DE 19808.

26.     Defendant Suraj Prasad is an individual whose last known address is A-13, Swasthya Vihar, Vikas Marg, New Delhi, India.

27.     Defendant Sandeep Kumar is an individual whose last known address is B-124, Mukun Vihar Karawal Nagar, New Delhi, India 110094.

28.     Defendant Parveen Kumar Jain is an individual whose last known address is D-23/F-1, East Jyoti Nagar, New Delhi, India 110093.

29.     Defendant Sanjay Kumar is an individual whose last known address is L 210 CL Pocket, Dilshad Garden, New Delhi, India 110095.

30.     Defendant Daman Kamra is an individual whose last known address is H No. 23 G-2, Gyan Khand Second, Ghaziabad PS Inidrapuram, The-Ghaziabad, Ghaziabad, Uttar Pradesh, India 201014.

31.     Defendant Ashok Singh is an individual whose last known address is 289/1-A, A-Block, North Vinod Nagar, New Delhi, India 110092.

32.     Defendant Puneet Arora is an individual whose address or location is unknown.

33.     Defendant Wasim Akram is an individual whose address or location is unknown.

34.     Defendant Shivam Singh is an individual whose last known address is 1030 SW Jefferson Street, Apt. 12, Portland, OR 97201.

35.     Defendant Neeraj Kohli is an individual whose last known address is 700/7 2nd Floor, Kalkaji, New Delhi, India 110019.

36.     Defendant Sagar Book Enterprises is a business operated by Defendant Neeraj Kohli at 700/7 2nd Floor, Kalkaji, New Delhi, India 110019.

37.     The true names and identities of the Defendant Does 1 through 25 are unknown to Plaintiffs at this time.  Each Doe Defendant conducts business through Amazon.  Each Doe Defendant is involved in selling and distributing counterfeit textbooks.  Plaintiffs believe that information obtained in discovery will lead to the identification of Doe Defendants' true names

and permit Plaintiffs to amend this Complaint to state the same.

## PLAINTIFFS' BUSINESSES

38.     Cengage is among the world's largest providers of tailored learning solutions.  In the academic marketplace, Cengage serves secondary, post-secondary, and graduate-level students, teachers, and learning institutions in both traditional and distance learning environments.  Cengage's products and services are sold throughout the world, through direct channels and via a worldwide network of distributors.  Cengage invests significant resources annually in the worldwide advertisement and promotion of its goods and services under all its marks.

39.     Pearson is a world-renowned publisher of educational books and multimedia materials in all subject areas and grade levels, operating under numerous imprints, with a rich educational and literary heritage.  With well-known brands such as Pearson, Prentice Hall, Pearson Longman, Pearson Scott Foresman, Pearson Addison Wesley, Pearson NCS, and many others, Pearson provides quality content, assessment tools, and educational services in all available media.

40.     Wiley serves undergraduate, graduate, and advanced placement students and lifelong learners throughout the world.  Wiley publishes educational materials in print and electronic media.  Wiley's programs target the sciences, engineering, computer science, mathematics, business and accounting, statistics, geography, hospitality and the culinary arts, education, psychology, and modern languages.

41.     Plaintiffs' publications include physical and digital textbooks, as well as online publications (collectively, "Textbooks").  These Textbooks are widely available in the marketplace for sale, rent, or by subscription, including from physical and online bookstores.

42.     Plaintiffs suffer serious financial and reputational injury when their copyrights and trademarks are infringed.  A substantial decline in revenue from sales or rentals of Plaintiffs' copyrighted works could cause Plaintiffs to cease publication of one or more deserving Textbooks.  This would have an adverse impact on the creation of new Textbooks, on scholarly endeavor, and on scientific progress, by making it more difficult to publish deserving Textbooks.

43.     Both publishers and authors alike are deprived of income when their Textbooks are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work.

### PLAINTIFFS' FEDERALLY REGISTERED COPYRIGHTS AND TRADEMARKS

#### A.     Plaintiffs' Respective Copyright Registrations

44.     Plaintiffs are the copyright owners of, and/or the owners of the exclusive rights under copyright in, *inter alia*, those works or derivative works described on Exhibit A (hereinafter, "Plaintiffs' Authentic Works").  Plaintiffs, or their affiliates, have each duly registered their respective copyrights in Plaintiffs' Authentic Works.

#### B.     Plaintiffs' Respective Trademark Registrations

45.     Plaintiffs' Authentic Works bear trademarks and service marks as set forth on Exhibit B (hereinafter, "Plaintiffs' Marks"), which Plaintiffs or their affiliates have duly registered on the Principal Registrar of the United States Patent and Trademark Office.  Plaintiffs own or are the exclusive licensee of Plaintiffs' Marks.  Plaintiffs' Marks are distinctive and arbitrary and are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.  Plaintiffs and/or their predecessors invested decades of effort in building a reputation of quality in the publishing industry, which consumers associate with their Marks.

## THE MASSACHUSETTS LITIGATION

46.     Plaintiffs initially brought suit against Defendants (with the exception of BandofBooks, Bookstore2100, NoveltyShop, and Webstore2012) as and among a group of Doe defendants operating seller accounts on Amazon in a civil action captioned *Cengage Learning, Inc. v. Kohli*, Case No. 15-cv-11577-MLW, in the District of Massachusetts (the "Massachusetts Litigation").  After being granted leave from the Court in the Massachusetts Litigation, Plaintiffs served expedited discovery and a subpoena on Amazon seeking the names, addresses, and email addresses associated with the individuals and/or entities operating the Amazon seller accounts at issue in the Massachusetts Litigation.  After providing notice of the Massachusetts Litigation and Plaintiffs' subpoena to each of the sellers, as required by the Court, Amazon produced records associated with the Amazon seller accounts identified in Plaintiffs' subpoena.

47.     With the additional information in the Amazon records, which included certain account registration information for each of the seller accounts, Plaintiffs were able to conduct a more informed analysis regarding the federal courts that have personal jurisdiction over each Defendant.  Plaintiffs determined that the Southern District of New York had a more substantial connection to Defendants in this case.  Accordingly, Plaintiffs amended their complaint in the Massachusetts Litigation and voluntarily dismissed their claims against the defendants named in the instant case so that Plaintiffs could re-file as appropriate in this District.

## DEFENDANTS' UNLAWFUL ACTIVITIES

48.     Defendants advertise and sell Textbooks to consumers through a variety of online marketplaces, including Amazon.  Defendants conduct their business through a variety of online seller accounts, which they have set up with the marketplaces.

49.     Among the known seller accounts or online storefronts Defendants have

established on Amazon are the following:

(1)     BandofBooks

(2)     Bara Mass

(3)     Bedo Pako

(4)     Bestnbooks

(5)     Books4lessus

(6)     Booksforlessus

(7)     Bookstore2100

(8)     Folet Books

(9)     Goljan Books

(10)    Infinity_Books

(11)    JRWorld Books

(12)    Loyalty-Way

(13)    Njbybks

(14)    NoveltyShop

(15)    Nybuybooks

(16)    Philadelphiabooks

(17)    Philcampus

(18)    Ultimate_Book Store

(19)    Webstore2012

(20)    Westerneureka

(collectively, the "Online Storefronts").  Defendants may be operating other seller accounts of

which Plaintiffs are not yet aware.  They may also be operating on other Internet marketplaces.

50.     Defendants Suraj Prasad, Sandeep Kumar, Parveen Kumar Jain, and Puneet Arora operate one or more Amazon seller accounts, including the Online Storefronts known as "Bara Mass" and "Bedo Pako" (collectively, the "Bara Mass Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks. After the Massachusetts Litigation was initiated, Amazon restrained the Bedo Pako seller account.  Thereafter, the Bara Mass Defendants changed their seller account name from Bedo Pako to Bara Mass, and continued their counterfeiting activity on Amazon.  The BaraMass Defendants use the email address bedopako@gmail.com in connection with their illegal business.

51.     Defendants Door of Books and Wasim Akram operate one or more Amazon seller accounts, including the Online Storefronts known as "Bookstore2100," "BandofBooks," and "NoveltyShop" (collectively, the "Bookstore2100 Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Bookstore2100 Defendants use the email address bookstore2100@gmail.com in connection with their illegal business.

52.     Defendants Birdwell and Applebee operate one or more Amazon seller accounts, including the Online Storefront known as "Bestnbooks" (collectively, the "Bestnbooks Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Bestnbooks Defendants use the alias "John Lee" and the email addresses bestbooksbuy@gmail.com and applebeebooks@gmail.com in connection with their illegal business.

53.     Defendant Amaco operates one or more Amazon seller accounts, including the Online Storefront known as "Books4lessus" (collectively, the "Books4lessus Defendants"),

through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Books4lessus Defendants use the email address books4lessus@gmail.com in connection with their illegal business.

54.     Defendant Bowlmor operates one or more Amazon seller accounts, including the Online Storefront known as "Booksforlessus" (collectively, the "Booksforlessus Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Booksforlessus Defendants use the alias "Kumar" and the email address infibooksbuy@gmail.com and bowlmorcorp@gmail.com in connection with their illegal business.

55.     Defendants Dynergy operates one or more Amazon seller accounts, including the Online Storefront known as "Folet Books" (collectively, the "Folet Books Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Folet Books Defendants use the aliases "Jeremy" and "Phobe Gorden" and the email address dynergypro@gmail.com in connection with their illegal business.

56.     Defendant Mittel operates one or more Amazon seller accounts, including the Online Storefront known as "Goljan Books" (collectively, the "Goljan Books Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Goljan Books Defendant use the alias "Jade" and the email address unibooks4u@gmail.com in connection with their illegal business.

57.     Defendant Coleco operates one or more Amazon seller accounts, including the Online Storefront know as "Infinity_Books" (collectively, the "Infinity_Books Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Infinity_Books Defendants use the alias "Jana" and the email

address colecobooks@gmail.com in connection with their illegal business.

58.     Defendant Aegis operates one or more Amazon seller accounts, including the Online Storefront known as "JRWorld Books" (collectively, the "JRWorld Books Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The JRWorld Books Defendants use the alias "Peter K" and the email address dirtcheapbks@gmail.com in connection with their illegal business.

59.     Defendant Zettaworld operates one or more Amazon seller accounts, including the Online Storefront known as "Njbybks" (collectively, the "Njbybks Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Njbybks Defendants use the alias "Ashu" and the email address njbybks@gmail.com in connection with their illegal business.

60.     Defendant Allegis operates one or more Amazon seller accounts, including the Online Storefront known as "Nybuybooks" (collectively, the "Nybuybooks Defendants") through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Nybuybooks Defendants use the alias "A Kumar" and the email addresses nybuybooks@gmail.com and allegiscorporation@gmail.com in connection with their illegal business.

61.     Defendant Nortel operates one or more Amazon seller accounts, including the Online Storefront known as "Philadelphiabooks" (collectively, the "Philadelphiabooks Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Philadelphiabooks Defendants use the alias "Jana" and the email address superbooksusa@gmail.com in connection with their illegal business.

62.     Defendant Kroger operates one or more Amazon seller accounts, including the Online Storefront known as "Philcampus" (the "Philcampus Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Philcampus Defendants use the aliases "Alisha" and "Bansal" and the email address pbbksshop@gmail.com in connection with their illegal business.

63.     Defendant Boyd operates one or more Amazon seller accounts, including the Online Storefront known as "Ultimate_Book Store" (collectively, the "Ultimate_Book Store Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Ultimate_Book Store Defendants use the aliases "Eric" and "AK" and the email address bnbookstore@gmail.com in connection with their illegal business.

64.     Defendant Shivam Singh operates one or more Amazon seller accounts, including the Online Storefront known as "Webstore2012" (collectively, the "Webstore2012 Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  The Webstore2012 Defendants use the alias "WonderfulBookstore" and the email address booksvendor.usa@gmail.com in connection with their illegal business.

65.     Defendants Sanjay Kumar, Daman Kamra, and Ashok Singh operate one or more Amazon seller accounts, including the Online Storefronts known as "Westerneureka" and "Loyalty-Way" (collectively, the "Westerneureka Defendants"), through which they offer, sell, import, and distribute counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  After the Massachusetts Litigation was initiated, Amazon restrained the Loyalty-Way seller account. Thereafter, the Westerneureka Defendants changed their seller name from Loyalty-Way to Westerneureka" and continued their counterfeiting activity on Amazon.  The Westerneureka

Defendants use the email address loyalty4303@gmail.com in connection with their illegal business.

66.     Defendants Neeraj Kohli and Sagar Book Enterprises (collectively, the "Kohli Defendants") are involved in the sale, importation, and distribution of Textbooks being sold on Amazon, including by the Bara Mass and Westerneureka Defendants.  Specifically, the Kohli Defendants have shipped counterfeit Textbooks from India directly to Amazon customers in the United States on behalf of the Bara Mass and Westerneureka Defendants.

67.     Defendants have marketed and distributed counterfeit copies of Plaintiffs' Authentic Works bearing Plaintiffs' Marks (hereinafter, "Counterfeit Books"). Defendants have been engaged in infringing activity since at least October 2014 and are continuing in those activities now.

68.     Plaintiffs have purchased Counterfeit Books from Defendants or have received copies of Counterfeit Books from third parties who purchased them from Defendants under the Online Storefronts identified above.

69.     The Amazon records produced in response to the Massachusetts Litigation and Plaintiffs' ongoing enforcement efforts identify Defendants as the operators of the Online Storefronts as described above in paragraphs 50 – 65.

70.     In addition, after the initial complaint was filed in the Massachusetts Litigation on April 10, 2015, Plaintiffs identified the Kohli Defendants through test purchases Plaintiffs conducted on Amazon.  Plaintiffs made test purchases of Counterfeit Books on Amazon from the Bara Mass and Westerneureka Defendants.  These orders were not fulfilled by Amazon.  Rather, they were shipped from India by the Kohli Defendants, and the packages containing the Counterfeit Books listed the Kohli Defendants in the return address on the shipped package.

71.     Defendants appear to be working collectively because many of the Counterfeit Books exhibit the same counterfeit traits and inferior qualities.  Defendants' Online Storefronts also offer similar inventories.

72.     Additionally, Defendants have set up their illegal businesses and the Amazon accounts associated with their Online Storefronts using identical or similar practices directed at concealing their true identities and locations.  For example, the Bestnbooks, Books4lessus, Booksforlessus, Bookstore2100, Folet Books, Goljan Books, Infinity_Books, JRWorld Books, Njbybks, Nybuybooks, Philadelphiabooks, Philcampus, and Ultimate_Book Store Defendants have all registered their Amazon accounts under the name of a Delaware corporation, using their respective registered agent's Delaware address, and linked the Delaware corporation's New York-based bank account (at either Bank of America or J.P. Morgan Chase) to the respective Amazon seller accounts.  Moreover, the Amazon seller accounts associated with most of the Defendants are linked to a New York City-based Internet Protocol ("IP") address and/or cell phone number, including that of the Booksforlessus, Folet Books, Goljan Books, Infinity_Books, JRWorld Books, Nybuybooks, Philadelphiabooks, Philcampus, and Ultimate_Book Store Defendants.  None of these Defendants' Amazon seller accounts identify any individuals associated with the corporate registrants, nor do publicly available incorporation records.

73.     With the exception of the Bara Mass, Webstore2012, Westerneureka, and Kohli Defendants, all Defendants utilize the fulfillment services of Amazon to conduct the business of selling the Counterfeit Books.  Under this arrangement, Defendants provide the Counterfeit Books to Amazon and the books are shipped to buyers from an Amazon warehouse.  The return addresses listed for the return of books sold by Defendants and fulfilled by Amazon are associated with one of Amazon's fulfillment centers.

74.     In addition to fulfilling the order, Amazon processes the payment for the
Counterfeit Books.  Amazon collects the money from the purchaser and pays Defendants.  The
purchasers of the Counterfeit Books are subject to Amazon's return polices.  In this way, the true
identities and addresses of Defendants are not evident from the shipped Counterfeit Books.

75.     From a review of Defendants' Online Storefronts on Amazon, it is clear that
Defendants are selling and/or have sold large quantities of Plaintiffs' books, including titles other
than those listed on Exhibit A, at below-market prices.  In order to maintain such Online
Storefronts, sellers must agree to strict terms of use, including an agreement not to distribute
infringing material.  Defendants are in breach of those terms of use.

76.     Defendants intentionally purchased counterfeit copies of Plaintiffs' Authentic
Works at a materially cheaper price than they would be required to pay had they purchased
Plaintiffs' products directly from the respective publishers or from legitimate wholesalers,
pursuant to the custom and practice of the bookselling industry.  In doing so, Defendants
deliberately evaded Plaintiffs or other legitimate sources, and chose instead to source illegal and
counterfeit copies of Plaintiffs' products, in violation of Plaintiffs' intellectual property rights.
Defendants then provided the Counterfeit Books to Amazon to distribute.

77.     At the time that Defendants imported and/or sold the Counterfeit Books,
Defendants knew or should have known that the Counterfeit Books were infringing.  The books
Defendants are selling are obviously inferior to their legitimate counterparts.

78.     Defendants knowingly directed, supervised, and controlled the importation and
distribution of the Counterfeit Books, and had a direct financial interest in, and stood to gain a
direct financial benefit from, their deliberately infringing activity.

79.     By engaging in the illegal conduct alleged above, in addition to directly

organizing and effectuating such infringing activities, Defendants also personally induced, caused, and materially contributed to infringing conduct by others, including resellers to whom Defendants sold the Counterfeit Books.  The resellers would have further distributed the Counterfeit Books.

80.     Defendants did more than supply the means to facilitate the infringement of Plaintiffs' intellectual property rights.  They also substantially participated in, and orchestrated, such infringing activities.

81.     The Counterfeit Books are inferior to Plaintiffs' Authentic Works.  Among other differences, the binding, glue, paper, color and printing are often different and inferior.  Based on the use of Plaintiffs' Marks, actual and prospective purchasers are likely to believe that the Counterfeit Books are Plaintiffs' Authentic Works.  The Counterfeit Books' inferior quality weakens, blurs, and tarnishes Plaintiffs' Marks.  Plaintiffs' business reputations are further injured by having their trademarks and the goodwill associated with them to be confused or mistakenly associated with a group or series of textbooks of lesser quality, as alleged above.

82.     While Plaintiffs have identified some of the Counterfeit Books that Defendants have infringed, Plaintiffs have not identified all of them.  Defendants' infringing activities are rampant.  The works described on Exhibit A are only examples of Counterfeit Books that Defendants have distributed.

### FIRST CLAIM FOR RELIEF

**Copyright Infringement Under 17 U.S.C. §§ 101, *et seq.***

83.     Plaintiffs reallege and incorporate by reference the allegations contained herein.

84.     Plaintiffs' Authentic Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they have been duly registered by Plaintiffs with the

United States Copyright Office and published by Plaintiffs in strict conformity with the Copyright Act and all laws governing copyrights.

85.     At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective copyrights in Plaintiffs' Authentic Works, which have never been assigned, licensed, or otherwise transferred to Defendants.

86.     Beginning on an unknown date but at least since October 2014 and continuing to the present, Defendants, with knowledge of Plaintiffs' duly registered copyrights in the Authentic Works, infringed Plaintiffs' copyrights.  Specifically, Defendants infringed Plaintiffs' exclusive rights to import and distribute to the public by sale or other transfer of ownership the copyrighted Authentic Works by, among other things, distributing and selling the Counterfeit Books for profit, without Plaintiffs' permission, license, or consent.

87.     Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, malicious, and willful.

88.     As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

89.     Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.  Unless Defendants are restrained by this Court from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.  Plaintiffs are accordingly entitled to an order restraining and permanently enjoining Defendants from further infringement.

## **SECOND CLAIM FOR RELIEF**

### **Infringement of Federally Registered Trademarks Under 15 U.S.C. § 1114**

90.     Plaintiffs reallege and incorporate by reference the allegations contained herein.

91.     This claim, arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, is for infringement of trademarks registered to Plaintiffs in the United States Patent and Trademark Office.

92.     Without Plaintiffs' authorization, Defendants are marketing, offering for sale, and selling in commerce Counterfeit Books under Plaintiffs' Marks.

93.     Defendants' aforesaid uses of Plaintiffs' Marks have caused and are likely to continue to cause confusion, mistake, and deception as to the source or origin of Defendants' goods, in that the public, and others, are likely to believe that Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Plaintiffs, all to Plaintiffs' irreparable harm.

94.     Defendants will continue to use Plaintiffs' Marks unless enjoined.

95.     Defendants, by their above-enumerated acts, willfully and knowingly have violated and infringed Plaintiffs' rights in and to the federally registered Marks, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Defendants threaten to further violate and infringe Plaintiffs' said rights.

96.     Plaintiffs are entitled to an order restraining and permanently enjoining Defendants from further use of Plaintiffs' Marks under 15 U.S.C. § 1116(a).

97.     Defendants' aforesaid conduct was intentional, or deliberately reckless, and without foundation in law.

## THIRD CLAIM FOR RELIEF

### Trademark Counterfeiting Under 15 U.S.C. § 1114(1)(a)

98.     Plaintiffs reallege and incorporate by reference the allegations contained herein.

99.     Defendants are infringing Plaintiffs' federally registered Marks through their use in commerce of a counterfeit, copy, or colorable imitation of Plaintiffs' Marks, in connection with the sale, offering for sale, marketing, distribution or advertising of textbooks, with such use being likely to cause confusion, to cause mistake, or to deceive the public.

100.     Defendants are intentionally using Plaintiffs' Marks on unauthorized products. Defendants are intentionally infringing upon Plaintiffs' trademark rights in order to further their own business enterprises.

101.     Defendants' counterfeiting has caused and will continue to cause irreparable injury to Plaintiffs' reputation and goodwill, for which Plaintiffs have no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing their counterfeiting activities, these injuries will continue to occur in the future.  Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further counterfeiting.

## PRAYER FOR RELIEF

By reason of the acts and circumstances alleged above, Plaintiffs seek relief from this Court as follows:

1.     Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

2.     An accounting and disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the Counterfeit Books with documents relating to all such purchases and sales;

3.     An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful acts as alleged above, including actual damages or statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. § 504;

4.      An order enjoining Defendants and those acting in concert with them from further infringing upon Plaintiffs' respective copyrights pursuant to 17 U.S.C. § 502;

5.      An order enjoining Defendants and those acting in concert with them from further infringing upon Plaintiffs' respective trademarks pursuant to 15 U.S.C. § 1116;

6.      An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful use of their trademarks, as alleged above, including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

7.      An order requiring Defendants to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing imitations, including confusingly similar variations, of Plaintiffs' respective copyrights and trademarks pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118;

8.      Pre- and post-judgment interest at the applicable rate;

9.      Punitive damages;

10.     Plaintiffs' attorney's fees, expenses, and costs of suit; and

11.     Such other and further relief the Court deems proper.


Dated:  February 1, 2016                        Respectfully submitted,
        Washington, D.C.

                                                _/s/ Kerry M. Mustico_
                                                Matthew J. Oppenheim
                                                Kerry M. Mustico (N.Y. Bar No. 4190534)
                                                OPPENHEIM + ZEBRAK, LLP
                                                5225 Wisconsin Avenue NW, Suite 503
                                                Washington, DC 20015
                                                Tel: (202) 480-2999
                                                matt@oandzlaw.com
                                                kerry@oandzlaw.com

                                                *Attorneys for Plaintiffs Pearson Education, Inc.,*
                                                *Cengage Learning, Inc., and John Wiley & Sons, Inc.*