USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 09 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
PEARSON EDUCATION, INC.; CENGAGE
LEARNING, INC.; and JOHN WILEY & SONS,
INC.,

               Plaintiffs,

-against-

AEGIS TRADING CORP.; ALLEGIS CORP.;
AMACO CORP.; APPLEBEE'S CORP.;
BIRDWELL CORP.; BOWLMOR CORP.; BOYD
BRANDS INC.; COLECO CORP.; DOOR OF
BOOKS INC.; DYNERGY MEDIA INC.;
KROGER CORP.; MITTEL INC.; NORTEL
CORP.; ZETTAWORLD CORP.; SURAJ
PRASAD; SANDEEP KUMAR; PARVEEN
KUMAR JAIN; SANJAY KUMAR; DAMAN
KAMRA; ASHOK SINGH; PUNEET ARORA;
WASIM AKRAM; SHIVAM SINGH; NEERAJ
KOHLI; SAGAR BOOK ENTERPRISES; and
DOES 1-25,

               Defendants.
------------------------------------- x

ORDER

16 Civ. 743 (GBD)

GEORGE B. DANIELS, United States District Judge:

This matter is presently before the Court on a motion by Pearson Education, Inc., Cengage Learning, Inc., and John Wiley & Sons, Inc. (collectively, "Plaintiffs") under Fed. R. Civ. P. 55(b) for a final Default Judgment and Permanent Injunction against Defendants Aegis Trading Corp., Allegis Corp., Amaco Corp., Applebee's Corp., Birdwell Corp., Bowlmor Corp., Boyd Brands Inc., Coleco Corp., Door of Books Inc., Dynergy Media Inc., Kroger Corp., Mittel Inc., Nortel Corp., and Zettaworld Corp. (collectively, "Defaulting Defendants").

Plaintiffs, through the pleadings, briefs, declarations and other materials submitted to this Court, have demonstrated, *inter alia*, the following:

1. Defaulting Defendants have been properly served with the Summons and Complaint.
2. Because Defaulting Defendants have not filed an Answer or otherwise appeared in this action, the Clerk of Court entered default against Defaulting Defendants on May 26, 2016 (ECF No. 112) and July 25, 2016 (ECF No. 121);

3. Plaintiffs are the copyright owners or exclusive licensees of all rights, title, and interest in and to their respective works described on Exhibit A to the Complaint (the "Copyrighted Works") (ECF No. 1-1);
4. Plaintiffs are the owners or exclusive licensees of their respective trademarks and service marks described on Exhibit B to the Complaint (the "Marks") (ECF No. 1-2).

This Court having considered the Memorandum in Support of Plaintiffs' Motion for Default Judgment and Permanent Injunction Against the Defaulting Defendants, the accompanying declarations and exhibits, and the entire record herein;

THE COURT HEREBY FINDS that Defaulting Defendants are liable for willful copyright infringement under federal copyright law, 17 U.S.C. §§ 101, *et seq.*, and willful trademark infringement and counterfeiting under the Lanham Act, 15 U.S.C. § 1114. As a result of Defaulting Defendants' unlawful conduct, Plaintiff is entitled to the entry of a final judgment and permanent injunction against Defaulting Defendants.

THEREFORE, IT IS HEREBY ORDERED that Defaulting Defendants, their officers, agents, servants, employees, and attorneys, and all those acting in concert or participation with them, are permanently enjoined and restrained from directly or indirectly infringing any copyrighted work or any trademarks that are owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs), whether now in existence or later created ("Plaintiffs' Works"). This precludes, without limitation, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell counterfeit or other unauthorized copies of Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks.

Without limiting the foregoing, IT IS FURTHER ORDERED that Defaulting Defendants, their officers, agents, servants, employees, and attorneys, and all those acting in concert or participation with them, are permanently enjoined and restrained from engaging in any of the following acts without written permission from the respective Plaintiff-copyright

owner/exclusive licensee:

    a.    Copying, reproducing, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell counterfeit or other unauthorized copies of Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks; and,

    b.    Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to copy, reproduce, manufacture, import, advertise, promote, distribute, sell, or offer to sell counterfeit or other unauthorized copies of Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks; and,

    c.    Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, email address, social media account, Amazon.com seller account, bank account, or payment processing system in connection with the copying, reproducing, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks.

IT IS FURTHER ORDERED that Defaulting Defendants shall destroy all unauthorized copies of Plaintiffs' Works that they have in their possession, custody, or control.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

This case is hereby referred to Magistrate Judge Sarah Netburn for a damages inquest in accordance with this Order and the accompanying Order of Referral.

The Clerk of Court is directed to close the motion at ECF No. 126.

Dated: New York, New York
       November 9, 2016

                                                      SO ORDERED.

                                                      *George B. Daniels* (signature)
                                                      GEORGE B. DANIELS
                                                      United States District Judge