UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PEARSON EDUCATION, INC., CENGAGE
LEARNING, INC., and JOHN WILEY & SONS,
INC.

                Plaintiffs,

    -against-

AEGIS TRADING CORP., ALLEGIS CORP.,
AMACO CORP., APPLEBEE'S CORP.,
BIRDWELL CORP., BOWLMOR CORP., BOYD
BRANDS INC., COLECO CORP., DOOR OF
BOOKS INC., DYNERGY MEDIA INC., KROGER
CORP., MITTEL INC., NORTEL CORP.,
ZETTAWORLD CORP., SURAJ PRASAD,
SANDEEP KUMAR, PARVEEN KUMAR JAIN,
SANJAY KUMAR, DAMAN KAMRA, ASHOK
SINGH, PUNEET ARORA, WASIM AKRAM,
SHIVAM SINGH, NEERAJ KOHLI, SAGAR
BOOK ENTERPRISES, and John Does 1-25,

                Defendants.
------------------------------------x

FEB 1 4 2018

MEMORANDUM DECISION
AND ORDER

16 Civ. 743 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On November 9, 2016, this Court issued an Order finding that Plaintiffs Pearson Education, Inc. ("Pearson"), Cengage Learning, Inc. ("Cengage"), and John Wiley & Sons, Inc. ("Wiley"), were entitled to entry of a final default judgment against all defaulting Defendants[1] in this case. (*See* Order, ECF No. 133.) This Court found Defendants liable for willful copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.* and willful trademark infringement and

---

[1] The defaulting defendants include: Aegis Trading Corp., Allegis Corp., Amaco Corp., Applebee's Corp., Birdwell Corp., Bowlmor Corp., Boyd Brands Inc., Coleco Corp., Door of Books Inc., Dynergy Media Inc., Kroger Corp., Mittel Inc., Nortel Corp., and Zettaworld Corp.

1

counterfeiting under the Lanham Act, 15 U.S.C. § 1114. That same day, this case was referred Magistrate Judge Sarah Netburn to conduct an inquest on damages. (ECF No. 134.)

Before this Court is Magistrate Judge Netburn's Report and Recommendation ("Report," ECF. No. 150.) Finding that Plaintiffs are "barred from receiving a dual recovery of statutory damages," Magistrate Judge Netburn recommended Plaintiffs be granted a total award of $1,400,000 representing $100,000 for each incident of alleged copyright infringement. (Report at 1–2.) The Report recommended the award be apportioned as follows: $600,000 for Pearson, $700,000 for Cengage, and $100,000 for Wiley. (*Id.* at 2.) The Report also noted that Plaintiffs are entitled to post-judgement interest on their award. (*Id.* at 15.)[2]

In her Report, Magistrate Judge Netburn advised the parties that failure to file timely objections would constitute a waiver of those objections on appeal. (*Id.* at 16.) On April 21, 2017, Plaintiffs filed a limited objection to the Report but did not object to the recommendation as to the damages award.[3] (Pls.' Obj. to Report ("Obj."), ECF No. 153.) This Court adopts the Report's recommended damages award.

A district court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to the Report are made, the court may adopt the Report if "there is no clear error on the face of the

---

[2] The relevant procedural and factual background is set forth in detail in the Report and is incorporated herein.

[3] Plaintiffs do not object to the Report's recommended damages award. (Obj. at 1.) Rather, Plaintiffs only object to the Report "to the extent that it could be read to preclude the *possibility* of dual statutory damages in an appropriate case" alleging violations under both the Copyright and Lanham Acts. (*Id.* at 3.) Plaintiffs argue that whether dual recovery is categorically barred is a question unresolved in the Second Circuit. (*Id.* at 1.) Given that Plaintiffs do not object to Magistrate Judge Netburn's recommendation as to damages, this Court sees no need to make a determination as to the merits of Plaintiffs' objections.

2

record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

When there are objections to the Report, this Court must make a *de novo* determination as to the objected-to portions of the Report. 28 U.S.C. § 636(b)(1)(C) (2009); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). It is sufficient that this Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (internal citation omitted); *see United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). However, where a litigant's objections are conclusory, repetitious, or perfunctory, the standard of review is clear error. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547–48 (S.D.N.Y. 2009).

## CONCLUSION

Plaintiffs do not object to the Report's recommended damages award. The Report's recommendation that Plaintiffs be granted a total award of $1,400,000 is ADOPTED. The award is to be apportioned as follows: $600,000 for Pearson, $700,000 for Cengage, and $100,000 for Wiley. Plaintiffs are entitled to post-judgement interest on their award.

Dated: New York, New York
       February 14, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3